# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
Filed: March 25, 2022

| | | |
|---|---|---|
| CINDY KISSLER, | * | No. 17-1425V |
| | * | |
| Petitioner, | * | Special Master Sanders |
| v. | * | |
| | * | |
| SECRETARY OF HEALTH | * | Dismissal; Insufficient Proof; Influenza |
| AND HUMAN SERVICES, | * | ("Flu") Vaccine; Shoulder Injury Related to |
| | * | Vaccine Administration ("SIRVA") |
| Respondent. | * | |

*Mark T. Sadaka*, Law Offices of Sadaka Associates, LLC, Englewood, NJ, for Petitioner.
*Debra A. Filteau Begley*, U.S. Department of Justice, Washington, DC, for Respondent.

### DISMISSAL[1]

On October 4, 2017, Cindy Kissler ("Petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program[2] ("Vaccine Program" or "Program"). 42 U.S.C. § 300aa-10 to 34 (2012). Petitioner alleged that she suffered from "vaccine-induced injury related to vaccination, shoulder pain, and tight trap-muscles that was [sic] either" caused-in-fact or significantly aggravated by an influenza ("flu") vaccine she received on October 17, 2014. Pet. at 1, ECF No. 1. The information in the record, however, does not show entitlement to an award under the Program.

On April 29, 2019, Respondent filed his Rule 4(c) report. Resp't's Report, ECF No. 33. Respondent argued that Petitioner's petition should be dismissed because she "cannot establish six months of residual symptoms[]" and had not shown either that she suffered a Table injury or that her injury was caused-in-fact by her vaccination. *Id.* at 4–8. On October 21, 2019, Petitioner requested a fact hearing to determine whether her injury lasted for six months. Status Report at 2,

---

[1] This Decision shall be posted on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the Internet**. In accordance with Vaccine Rule 18(b), a party has 14 days to identify and move to delete medical or other information that satisfies the criteria in § 300aa-12(d)(4)(B). Further, consistent with the rule requirement, a motion for redaction must include a proposed redacted decision. If, upon review, the I agree that the identified material fits within the requirements of that provision, such material will be deleted from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755 ("the Vaccine Act" or "Act"). Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

ECF No. 38. Petitioner filed her brief regarding the duration of her injury and her vaccination site on November 16, 2020. Pet'r's Br., ECF No. 43. Respondent submitted a response on December 18, 2020, and Petitioner filed a reply on December 31, 2020. ECF Nos. 45, 47.

On January 19, 2022, I held a status conference in this matter to discuss the briefings and evidence filed in this case. Scheduling Order at 1, ECF No. 48. Petitioner requested forty-five days to file an appropriate motion, and I granted her request. *Id.* On February 18, 2022, Petitioner filed a motion for a decision dismissing her petition. ECF No. 49. Respondent had no objection to Petitioner's motion. *Id.* at 1.

To receive compensation under the Program, Petitioner must prove either (1) that he suffered a "Table Injury"—i.e., an injury falling within the Vaccine Injury Table—corresponding to the vaccination, or (2) that he suffered an injury that was actually caused by a vaccine. *See* §§ 13(a)(1)(A), 11(c)(1). She must also prove that she "suffered the residual effects or complications of [her] illness, disability, injury, or condition for more than [six] months after the administration of the vaccine, [ ] died from the administration of the vaccine, or [ ] suffered such illness, disability, injury, or condition from the vaccine which resulted in inpatient hospitalization and surgical intervention[.]" § 11(c)(1)(D). Petitioner did not allege that she experienced hospitalization, surgical intervention, or death resulting from her injuries. An examination of the record did not uncover persuasive evidence that Petitioner's injuries lasted for more than six months. It also did not uncover persuasive evidence that Petitioner suffered from a "Table Injury" or that her alleged injuries were caused or significantly aggravated by her flu vaccination.

Under the Act, petitioners may not be given a Program award based solely on their claims alone. Rather, the petition must be supported by medical records or the opinion of a competent physician. § 13(a)(1). In this case, the medical records are insufficient to prove Petitioner's injury lasted for six months, and at this time, Petitioner has not filed sufficient supporting evidence. Therefore, this case must be **dismissed for insufficient proof. The Clerk shall enter judgment accordingly**.[3]

**IT IS SO ORDERED.**

s/Herbrina D. Sanders
Herbrina D. Sanders
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of a notice renouncing the right to seek review.